UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

DARYL ANTHONY GREEN,

    Appellant,

    v.

PRINCE GEORGE'S COUNTY OFFICE OF
CHILD SUPPORT,

    Appellee.

Civil Action No. TDC-19-2852

**MEMORANDUM OPINION**

Appellant Daryl Anthony Green has appealed an Order of the United States Bankruptcy Court for the District of Maryland arising out of Green's Chapter 13 bankruptcy proceeding. For the reasons set forth below, the appeal will be dismissed.

**BACKGROUND**

This is one of several appeals that Green has filed in this Court arising out of his Chapter 13 petition and related bankruptcy proceedings. The Court has previously addressed an appeal of the bankruptcy court's order overruling an objection to a proof of claim filed by another of Green's creditors. *See Green v. 1900 Capital Tr. II by U.S. Bank Tr. Nat'l Ass'n* ("*Green I*"), No. TDC-19-2270, 2020 WL 3469506, at *1 (D. Md. June 25, 2020). The Court recounts below the facts of the bankruptcy proceeding relevant to this appeal.

On March 18, 2019, Green filed a voluntary Chapter 13 petition for bankruptcy. On April 25, 2019, the Prince George's County Office of Child Support ("PGOCS") filed a proof of claim, asserting that Green owed his ex-wife—on behalf of whom it filed the claim—$19,915.88 in unpaid child support. On May 13, 2019, Green filed an objection to this claim ("the First

Objection"), arguing that the PGOCS's proof of claim was "knowingly false," as the child support obligation upon which it was based "has been fraudulently induced upon Mr. Green under duress, threat of indefinite incarceration and many other deprivations of rights and/or privileges without due process and under color of law."  First Objection at 1, ECF No. 4-2.  In the First Objection, Green requested that the bankruptcy court grant broad relief that included disallowing the claim; awarding punitive damages in the amount of all monies he had previously paid to the PGOCS; granting declaratory relief in the form of an order stating that the child support order was illegal and improper and that the Maryland and Prince George's County child support program violates the law; and granting injunctive relief requiring PGOCS to refrain from further enforcement efforts against Green, to remove derogatory information from his credit reports, and to reinstate Green's driver's license and passport.

On July 5, 2019, the bankruptcy court overruled the First Objection.  In its order ("the First Order"), the bankruptcy court identified three separate grounds for doing so:  (1) Green had failed to properly serve the PGOCS in that the name on Green's notice was incorrect; (2) Green was seeking relief that was available only through an adversary proceeding; and (3) Green "appears to be asking this Court to exercise appellate review of the state court's child support award, which this Court may not do" pursuant to the *Rooker-Feldman* doctrine.  First Order at 1, ECF No. 4-9.

On July 17, 2019, Green filed a Motion for Reconsideration of the First Order.  Upon consideration of the motion, the bankruptcy court found that "[t]he majority of th[e] points" in the motion were "rehashing . . . the arguments and assertions set forth in the Claim Objection."  July 17, 2019 Order at 4, ECF No. 4-11.  Because Green had not "asserted any recognized basis for reconsideration of the Order" under Federal Rules of Civil Procedure 59 or 60, the bankruptcy court denied the motion.  *Id.* at 5.

2

On August 1, 2019, Green filed another objection to the PGOCS's proof of claim ("the Second Objection"). The Second Objection raised many of the same arguments as the First Objection, again asserting that the PGOCS's proof of claim was "knowingly false," as the child support obligation upon which it was based had been "fraudulently induced upon Mr. Green under duress, threat of indefinite incarceration and many other deprivations of rights and/or privileges without due process and under color of law." Second Objection at 3, ECF No. 4-12. In a September 4, 2019 order ("the Second Order"), the bankruptcy court overruled this objection "for the reasons stated in the Court's Order Overruling [the First] Objection." Second Order at 1, ECF No. 4-17. On September 26, 2019, Green appealed the Second Order. It is this appeal that is now before the Court.

Since filing this appeal, Green has filed several motions with this Court that remain pending. First, Green filed an Emergency Motion to Reinstate Maryland Driver's License Privileges and Federal Passport Privileges, in which he asked this Court to order the PGOCS to "issue license/passport restoration" to the Maryland Motor Vehicle Administration and the United States Department of State. Emergency Mot. at 1, ECF No. 6. Second, Green filed an Emergency Petition for Temporary & Permanent Restraining Orders with Respect to Child Support, in which he sought an order vacating the child support order and restoring his driver's license, passport, and hunting license based on arguments similar to those raised in the Second Objection. Third, Green filed a Motion for Recusal of Bankruptcy Presiding Official, requesting that the Court order the recusal of the bankruptcy judge presiding over Green's bankruptcy case. Fourth, after filing his opening brief on this appeal, Green filed a Motion for Clerk's Entry of Default, arguing that default should be entered against PGOCS because it had not responded to his brief. The Court denied this Motion, noting that the deadline for PGOCS's brief had been extended in response to the COVID-

19 pandemic and so had not yet expired. On June 22, 2020, Green filed a Motion for Reconsideration of that Order. Finally, in his reply brief, Green requests that the Court strike PGOCS's brief and its attached exhibits.

## DISCUSSION

### I. Standard of Review

When reviewing a bankruptcy court's order, the district court acts as an appellate court. 28 U.S.C. § 158(a)(1) (2018). It reviews the bankruptcy court's legal conclusions *de novo* and its findings of fact for clear error. *Canal Corp. v. Finnman* (*In re Johnson*), 960 F.2d 396, 399 (4th Cir. 1992).

### II. Motion to Strike

In his reply brief, Green asks this Court to strike the PGOCS's brief and the exhibits attached to it. As for the exhibits, Green notes that they were not introduced in the bankruptcy court proceeding and so are "inadmissible evidence" in this appeal. Reply Br. at 4, ECF No. 19. However, where the exhibits are documents issued by courts and the Court may take judicial notice of them, the Court will deny this motion. Fed. R. Evid. 201(b)(2); *Fusaro v. Cogan*, 930 F.3d 241, 245 & n.1 (4th Cir. 2019) (taking judicial notice during an appeal of documents from another court proceeding).

As for the brief itself, Green argues that it should be stricken because the PGOCS failed to respond to his objection in the bankruptcy court and so cannot now introduce new evidence and arguments on appeal. Notably, however, where a party objecting to a proof of claim must serve a copy of its objection on the claimant, and the bankruptcy court expressly found that Green had failed to properly serve his objection to the proof of claim on the PGOCS, the Court will not strike

4

the PGOCS's brief on the grounds that it did not respond to Green's objection below. *See* D. Md. Bankr. Local R. 3007-1.

**III.    The Bankruptcy Court Order**

This Court has "jurisdiction to hear appeals . . . from final judgments, orders, and decrees" issued by a bankruptcy court.  28 U.S.C. § 158(a).  "[T]he concept of finality in bankruptcy traditionally has been applied in a more pragmatic and less technical way than in other situations." *Mort Ranta v. Gorman*, 721 F.3d 241, 246 (4th Cir. 2013) (quoting *McDow v. Dudley*, 662 F.3d 284, 287 (4th Cir. 2011)).  Under "this relaxed rule of appealability," orders are immediately appealable if they "finally dispose of discrete disputes within the larger case." *Id.* (quoting *McDow*, 662 F.3d at 287).  Because the issue of finality goes to this Court's subject matter jurisdiction, the Court may raise this issue *sua sponte*. *See Educ. Credit Mgmt. Corp. v. Kirkland* (*In re Kirkland*), 600 F.3d 310, 314-15 (4th Cir. 2010).

Here, the Second Order did not dispose of any discrete disputes within Green's larger case. Indeed, at the time the bankruptcy court overruled Green's Second Objection, Green had already initiated an adversary proceeding against the PGOCS relating to the child support issues by filing a complaint that was virtually identical to the Second Objection, again objecting to the PGOCS's proof of claim, seeking comparable monetary and injunctive relief such as the restoration of his driver's license and passport, and advancing essentially the same legal arguments.  *See* Adversary Compl. at 67-69, *Green v. Prince George's Cty. Office of Child Support*, No. 19-0308 (D. Md. Bankr. Aug. 14, 2019) (Dkt. No. 1-1) (asking the bankruptcy court to "[s]ustain the Debtor's objection to [the PGOCS's] knowingly invalid proof of claim").  That proceeding remains ongoing.  Indeed, the First Order essentially invited Green to continue litigating his issues in an adversary proceeding by stating as a basis for overruling the First Objection that Green "seeks

5

relief that may only be granted through an adversary proceeding." First Order at 1. The Second Order adopted this reasoning. Because the order that Green seeks to appeal did not "finally dispose" of the discrete disputes at issue on this appeal and instead merely redirected litigation over them to an ongoing adversary proceeding such that the issues asserted in the Second Objection, including the validity of the PGOCS proof of claim, remain before the bankruptcy court, this appeal does not present a "final judgment" as required for this Court to have jurisdiction. *See* 28 U.S.C. § 158(a)(1); *Mort Ranta*, 721 F.3d at 246. The appeal will therefore be dismissed.

Even if the Second Order were a final judgment and the Court therefore had jurisdiction to review it, the Court would affirm the bankruptcy court's decision. By incorporating the reasoning of the First Order, the bankruptcy court overruled the Second Objection in part because Green "seeks relief that may only be granted through an adversary proceeding contrary to Federal Bankruptcy Rules 3007(b) and 7001." First Order at 1; Second Order at 1 (stating that the Second Objection "is overruled for the reasons stated in" the First Order). In the Second Objection, Green sought a variety of forms of injunctive relief, including "an Order Granting the restoration of both Mr. Green's driver's license and his Passport" and an "Order directing [the PGOCS] to immediately and permanently remove all derogatory information from any/all credit reporting agencies." Second Objection at 47. Claims for injunctive relief are properly brought as adversary proceedings under Federal Rule of Bankruptcy Procedure 7001. *See* Fed. R. Bankr. P. 7001 ("The following are adversary proceedings . . . (7) a proceeding to obtain an injunction or other equitable relief."). Green also sought various forms of declaratory relief, including declarations that PGOCS had violated Green's civil rights and committed fraud against him, which are also properly resolved in an adversary proceeding. *See id.* Consequently, where Green included these requests as part of his objection to the PGOCS's proof of claim, the bankruptcy court could address this

6

collection of claims only through an adversary proceeding. *See* Fed. R. Bankr. P. 3007(b) ("A party in interest shall not include a demand for relief of a kind specified in Rule 7001 in an objection to the allowance of a claim, but may include the objection in an adversary proceeding."); *see also RNI-NV Ltd. P'ship v. Field* (*In re Maui Indus. Loan & Fin. Co.*), 580 B.R. 886, 894 (D. Haw. 2018) (holding that where the debtor included a request covered by Rule 7001, "Rule 3007(b) commands that the court proceed by adversary proceeding"). The bankruptcy court therefore correctly overruled the Second Objection on the grounds that the matter must be resolved through an adversary proceeding. In concluding that, if there were jurisdiction over this appeal, the Second Order could be affirmed on this basis, this Court need not and does not address whether the bankruptcy court correctly concluded that Green's claims would run afoul of the *Rooker-Feldman* doctrine, which prevents parties from seeking what amounts to appellate review of state court judgments in federal court, particularly in light of the recent rulings of the United States Court of Appeals for the Fourth Circuit cautioning that the doctrine has a "narrow scope." *Hulsey v. Cisa*, 947 F.3d 246, 250 (4th Cir. 2020); *see Thana v. Bd. of License Comm'rs for Charles Cty.*, 827 F.3d 314, 319 (4th Cir. 2016) (stating that the *Rooker-Feldman* doctrine is "narrow and focused").

**IV.    Emergency Motions**

The Court also finds that it lacks jurisdiction over two of the motions Green has filed in this case. In his Emergency Motion to Reinstate Maryland Driver's License and Federal Passport Privileges, Green fails to identify any order of the bankruptcy court that he seeks to appeal. Similarly, Green's Emergency Petition for Temporary and Permanent Restraining Orders with Respect to Child Support does not identify any order of the bankruptcy court that he seeks to appeal. Because the Court "sits as an appellate court" in this case, *Hamlett v. Amsouth Bank* (*In re Hamlett*), 322 F.3d 342, 345 (4th Cir. 2003), its jurisdiction is limited to review of "final

7

judgments, orders, and decrees" and does not include original jurisdiction over specific claims, 28 U.S.C. § 158(a). Even if the Court could liberally construe these motions as seeking review of the implicit denial of comparable requests made in the Second Objection, as discussed above, these issues remain before the bankruptcy court in the adversary proceeding such that there is no final judgment on these issues. *See supra* part III. The Court will therefore deny these motions for lack of jurisdiction.

**V.    Motion for Recusal**

In Green's Motion for Recusal of Bankruptcy Presiding Official, Green requests that this Court order the recusal of the bankruptcy judge presiding over Green's bankruptcy proceedings. In *Green I*, the Court denied a similar motion filed by Green in another of his bankruptcy appeals before this Court. *Green I*, 2020 WL 3469506, at *8-9. Because the recusal motion in *Green I* was filed in a virtually identical procedural posture as the present motion, and both motions had a comparable lack of factual predicate, the Court will incorporate here its reasoning from *Green I* and deny the present motion for the same reasons. *See id.*

**VI.   Motion for Reconsideration**

In Green's Motion for Reconsideration, Green asks this Court to reconsider its June 20, 2020 Order denying Green's Request for Clerk's Entry of Default on the ground that PGOCS had not missed the deadline to file its brief on this appeal because of a general extension granted by the Court during the COVID-19 pandemic. Green claims that this Court erred because he also sought an entry of default against PGOCS for its failure to respond to his objections in the bankruptcy court, and because that failure prevents PGOCS from introducing new evidence in its appeal. He further argues that the bankruptcy court lacked jurisdiction to make final rulings in his


bankruptcy proceeding. None of these arguments provides a compelling basis for reconsidering the Court's ruling.

In a bankruptcy appeal before a district court, parties may ask the district court to reconsider its own ruling through a motion for rehearing brought under Federal Rule of Bankruptcy Procedure 8022. This rule requires parties seeking rehearing to "state with particularity each point of law or fact that the movant believes the district court . . . has overlooked or misapprehended." Fed. R. Bankr. P. 8022(a)(2). "[T]he sole purpose of rehearing is to direct the court's attention to a material matter of law or fact which it has overlooked in deciding the case, and which, had it been given consideration, would probably have brought about a different result." *Am. First Fed., Inc. v. Theodore*, 584 B.R. 627, 632 (D. Vt. 2018) (quoting *Fletcher v. Ball* (*In re Soundview Elite Ltd.*), No. 14-7666, 2015 WL 1642986, at *1 (S.D.N.Y. Apr. 13, 2015), *aff'd*, 646 F. App'x 1 (2d Cir. 2016)).

In the Motion for Reconsideration, Green asserts that this Court failed to consider that it should grant a default judgment because during the bankruptcy court proceedings, PGOCS failed to respond to his objections to the proof of claim. This argument is unconvincing for two reasons. First, Green is effectively seeking review of the bankruptcy court's failure to grant a default judgment based on the lack of briefing by PGOCS in response to the objections. Any such ruling would be an interlocutory order that could be reviewed on appeal only with leave of this Court. *See* 28 U.S.C. § 158(a)(3) (providing that district courts may hear appeals of "interlocutory orders and decrees" only "with leave of the court"); *Faragalla v. Access Receivable Mgmt.* (*In re Faragalla*), 422 F.3d 1208, 1210-11 (10th Cir. 2005). There is no proper basis for this Court to grant such leave. *See Thomas v. Grigsby*, 556 B.R. 714, 720 (D. Md. 2016) ("[L]eave to file an interlocutory appeal should be granted only where: (1) the order involves a controlling question

of law; (2) as to which there is substantial ground for a difference of opinion; and (3) immediate appeal would materially advance the termination of the litigation."). Even if the Court were to consider the issue, as discussed above, this Court has already found that in light of the lack of proper service, the failure of PGOCS to respond to the objections does not warrant relief. *See supra* part II. Indeed, where the issues raised in the objections are before the bankruptcy court in the adversary proceeding contested by PGOCS, *see supra* part III, there is no basis for a default judgment. The jurisdictional argument fails for the same reasons set forth in *Green I*. *Green I*, 2020 WL 3469506, at *4-5. The Court will therefore deny Green's Motion for Reconsideration.

## CONCLUSION

For the foregoing reasons, this appeal will be DISMISSED, and Green's separate Motions will be DENIED. A separate Order shall issue.

Date: July 31, 2020                    /s/ *Theodore D. Chuang*
                                       THEODORE D. CHUANG
                                       United States District Judge