**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

DARYL ANTHONY GREEN,

Appellant,

v.

PRINCE GEORGE'S COUNTY OFFICE OF CHILD SUPPORT,

Appellee.

Civil Action No. TDC-19-2852

## MEMORANDUM ORDER

Pending before the Court are Appellant Daryl Anthony Green's Request for Judicial Notice, ECF No. 22, Motion for Reconsideration, ECF No. 23, and Motion to Appoint Counsel, ECF No. 25. This appeal was one of many Green has filed in this Court arising from his Chapter 13 petition and related bankruptcy proceedings in in the United States Bankruptcy Court for the District of Maryland. On August 3, 2020, this Court dismissed Green's appeal in this case on the grounds that the Court lacked jurisdiction because Green had not appealed a final judgment, order, or decree issued by the bankruptcy court, and, even if he had, the bankruptcy court had ruled correctly on the merits. *See Green v. Prince George's Cty. Office of Child Support*, No. TDC-19-2852, 2020 WL 4436371, at *3 (D. Md. Aug. 3, 2020) ("*Green I*"); 28 U.S.C. § 158(a) (2018). Detailed background information on Green's appeal is provided in the August 3, 2020 Opinion, which is incorporated by reference, and will not be repeated here. *See Green I*, 2020 WL 4436371, at *1-2.

Green's Request for Judicial Notice, ECF No. 22, supplies various sources in support of his original Emergency Motion to Reinstate Maryland Driver's License and Federal Passport, ECF

No. 6, and argues that the Court should take judicial notice of these sources and then reconsider its prior denial of the Emergency Motion. The sources for which Green seeks judicial notice include *Malhan v. Secretary of the United States Department of State*, 938 F.3d 453 (3rd Cir. 2019); Article VI of the United States Constitution, a New Jersey Superior Court opinion; and Great Depression-era state court precedent on municipal automotive regulations. In resolving a motion or an appeal, the Court may always consider the United States Constitution and federal and state case law, so there is no need for the Court to take judicial notice of these authorities. The Request for Judicial Notice is therefore denied. To the extent that, in the Request for Judicial Notice, Green also requests reconsideration of the Court's denial of the Emergency Motion in light of these sources, the Court will address that request in relation to the Motion for Reconsideration.

In his Motion for Reconsideration, ECF No. 23, Green asks this Court to reconsider its August 3, 2020 decision. He primarily argues, first, that this Court overlooked the bankruptcy court's September 16, 2019 order denying his motion to reinstate his driver's license and passport, and, second, that Appellee failed to respond adequately to his filings in the bankruptcy court proceeding. Neither argument, nor any other assertion in Green's Motion, provides a basis for reconsidering the Court's ruling.

In a bankruptcy appeal before a district court, parties may ask the district court to reconsider its own ruling through a motion for rehearing brought under Federal Rule of Bankruptcy Procedure 8022. This rule requires parties seeking rehearing to "state with particularity each point of law or fact that the movant believes the district court . . . has overlooked or misapprehended." Fed. R. Bankr. P. 8022(a)(2). "[T]he sole purpose of rehearing is to direct the court's attention to a material matter of law or fact which it has overlooked in deciding the case, and which, had it been given consideration, would probably have brought about a different result." *Am. First Fed., Inc. v.*

*Theodore*, 584 B.R. 627, 632 (D. Vt. 2018) (quoting *Fletcher v. Ball* (*In re Soundview Elite Ltd.*), No. 14-7666, 2015 WL 1642986, at *1 (S.D.N.Y. Apr. 13, 2015), *aff'd*, 646 F. App'x 1 (2d Cir. 2016)).

Turning to Green's first argument, in its August 3, 2020 Order, this Court denied Green's original appeal of Green's Emergency Motion to Reinstate Maryland Driver's License and Federal Passport ("Emergency Motion") because Green had not properly identified the order he sought to appeal and, even if he had, it would not have been a final order so this Court would have lacked jurisdiction to hear the appeal. *Green I*, 2020 WL 4436371, at *4. Green now identifies the September 16, 2019 bankruptcy court order as the basis for his Emergency Motion. Federal Rule of Bankruptcy 8009 requires that appellants in bankruptcy cases must "file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." Fed. R. Bankr. P. 8009(a)(1)(A). Although Green identified the September 16, 2019 order in his initial notice of appeal, he did not designate the order as part of the record in this appeal, and did not reference that order in his Emergency Motion. Even if Green had properly included the order in his designation of record, the Court would still lack jurisdiction for the reason originally stated: the order did not dispose of a discrete, final dispute because Green continued to litigate his underlying claims in an adversary proceeding before the bankruptcy court. *See Green I*, 2020 WL 4436371, at *3-4. Consideration of the sources identified in the Request for Judicial Notice does not alter this conclusion.

As for Green's second argument, the Court's August 3, 2020 Opinion explained why Green's argument relating to Appellee's failure to respond is without merit. Green raises no new arguments here, and the Court finds no need to revisits its previous ruling. The Court will therefore deny Green's Motion for Reconsideration.

Finally, Green has filed a Motion to Appoint Counsel. ECF No. 25. Given that the Court denied Green's substantive appeal, closed this case on August 3, 2020, and will deny Green's other pending motions, there is no basis for appointing counsel in this case. The Court will therefore deny Green's Motion to Appoint Counsel.

For the reasons stated above, it is hereby ORDERED that:

1. Green's Request for Judicial Notice, ECF No. 22, is DENIED.
2. Green's Motion for Reconsideration, ECF No. 23, is DENIED.
3. Green's Motion to Appoint Counsel, ECF No. 25, is DENIED.

Date: March 18, 2021

THEODORE D. CHUANG
United States District Judge